IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEVONTA B. MILLER,

      **Plaintiff,**

      v.                                      CASE NO. 24-3093-JWL

CHIANNA HEMKEN,

      **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983. Although Plaintiff is currently in custody at the Shawnee County Jail, his claims are based on incidents occurring during his custody at the Larned State Hospital in Larned, Kansas ("LSH"). The Court granted Plaintiff leave to proceed in forma pauperis. On June 12, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 3) ("MOSC") granting Plaintiff until July 12, 2024, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. The case was dismissed when Plaintiff failed to respond by the deadline, and then subsequently reopened when the Court received Plaintiff's request for a continuance. Plaintiff has now filed a response (Doc. 9) to the MOSC.

Plaintiff alleges in his Complaint that he was not allowed to go to the law library at LSH for 25 days. He claims that he asked to go to the law library from April 22 to May 16, and was not allowed to go until May 17. (Doc. 1, at 2.) Plaintiff claims that "Larned State Hospital" violated his due process rights when they did not let him go to the law library prior to May 17. *Id.* Plaintiff alleges that he was not allowed to go for almost 25 days because he was on IMPP. *Id.* at 3. Plaintiff alleges that he asked "doctors and case managers" and they did not let him go to the library. *Id.* at 4. Plaintiff names Chianna Hemken, LSH Program Director, as the sole

defendant and seeks $150,000 in damages.

It is well-established that a prison inmate has a constitutional right of access to the courts. However, it is equally well-settled that in order "[t]o present a viable claim for denial of access to courts, . . . an inmate must allege and prove prejudice arising from the defendants' actions." *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing.").

An inmate may satisfy the actual-injury requirement by demonstrating that the alleged acts or shortcomings of defendants "hindered his efforts to pursue" a non-frivolous legal claim. *Lewis*, 518 U.S. at 351–53; *see also Burnett v. Jones*, 437 F. App'x 736, 744 (10th Cir. 2011) ("To state a claim for violation of the constitutional right to access the courts, a prisoner 'must demonstrate actual injury . . .—that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement.'") (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010)).

The Supreme Court plainly held in *Lewis* that "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 at 354. Rather, the injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement." *Id.* at 355. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id*. (emphasis in original); *see also Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995) ("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus.") (citations omitted).

The right to access the courts does not guarantee inmates the right to a law library or to legal assistance, but merely to "the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis*, 518 U.S. at 350–51 (quoting *Bounds v. Smith,* 430 U.S. 817, 825 (1977)). The right to access the courts is "only [the right] to present . . . grievances to the courts," and does not require prison administrators to supply resources guaranteeing inmates' ability "to litigate effectively once in court" or to "conduct generalized research." *Id*. at 354, 360.

The Court found in the MOSC that Plaintiff failed to allege an actual injury arising from the delay in use of the law library. *See Massengill v. Snyder*, No. 23-3062-JWL, 2023 WL 2475102, at *3 (D. Kan. Mar. 13, 2023) (holding that plaintiff failed to state a claim for lack of access to the court because he alleged no actual injury when he failed "to explain why [his] claims are non-frivolous, and fail[ed] to explain how those claims have been prejudiced by the limited access to law library materials") (citing *Counts v. Wyoming Dep't of Corr.*, 854 F. App'x 948, 952 (10th Cir. 2021) (unpublished)).

In his response, Plaintiff alleges that his lack of access to the law library from April 22 to May 16, 2024, prevented him from working on his Case No. 21-CR-623, and he was harmed when he was "time barred from filing on [his] case during those 25 days." (Doc. 9, at 2.) Then, Plaintiff asserts that a "John Smith" contacted Plaintiff and confessed to the crime in Plaintiff's case, and wanted to "write an affidavit taking blame for his role in said crimes." *Id*. Plaintiff alleges that due to the lack of access to the law library during those 25 days, Plaintiff lost contact with John Smith and "believe[s] him to be dead." *Id*.

The Court notes that Plaintiff's state criminal case remains pending. *See State v. Miller*, Case No. 21-CR-623, filed March 31, 2021 (District Court of Shawnee County, Kansas). A

Notice of Appointment of Counsel (James Chappas) was entered on March 29, 2021. Plaintiff was still represented by Mr. Chappas at a competency hearing held on February 10, 2023, where it was determined that Plaintiff was incompetent to stand trial. Mr. Chappas represented Plaintiff at the competency hearing on August 22, 2024, where it was determined that Plaintiff was competent to stand trial. Plaintiff's criminal case is currently scheduled for a preliminary hearing on November 1, 2024.

Plaintiff has failed to show good cause why this matter should not be dismissed for failure to state a claim. The Tenth Circuit has found that whether or not a party is represented by counsel or proceeding pro se "is important because a court-access claim is necessarily intertwined with the assistance *vel non* of counsel." *Carr v. Zwally*, 760 F. App'x 550, 556 (10th Cir. 2019) (unpublished) (citing *United States v. Taylor*, 183 F.3d 1199, 1204 (10th Cir. 1999) ("It is well established that providing legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library."); *accord Lewis v. Clark*, 577 F. App'x 786, 796–97 (10th Cir. 2014) (unpublished) (affirming dismissal of court-access claim because prisoner was represented by counsel in underlying criminal case)). Plaintiff was represented by counsel during the relevant 25-day period and Plaintiff has failed to show an actual injury.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated September 18, 2024, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**